IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HOWARD COLUMBER HOLLAND | § | |
| (TDCJ No. 1914814), | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 3:14-cv-424-B-BN |
| | § | |
| KAUFMAN COUNTY JAIL, ET AL., | § | |
| | § | |
| Respondents. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Howard Columber Holland, a Texas prisoner, has filed a petition for

writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein,

Petitioner's habeas application should be dismissed without prejudice for failure to

exhaust state remedies.

**Background**

On January 3, 2014, pursuant to his plea of guilty, Petitioner was found guilty

on three counts of aggravated sexual assault and sentenced to forty years of

imprisonment. *See* Dkt. No. 3 at 2, 3. Petitioner did not file a direct appeal or an

application for state post-conviction relief. *See id.* at 3, 4. He instead filed this

application for habeas corpus relief under 28 U.S.C. § 2254 in which he presents three

grounds for relief. Petitioner claims that the limitation period for the use of DNA

evidence had expired by the time it was sent to the lab, that a DNA sample cleared him

on one count of aggravated sexual assault, and that the DNA sample taken from him was seized without a warrant and should have been suppressed. *See id.* at 7, 8.

On February 14, 2014, the Court issued a questionnaire to Petitioner. *See* Dkt. No. 6. Petitioner filed his answers to the Court's questions on February 24, 2014. *See* Dkt. No. 8.

## Legal Standards

A petitioner must fully exhaust state remedies before seeking federal habeas relief. *See* 28 U.S.C. § 2254(b)(1)(A). This entails submitting the factual and legal basis of any claim to the highest available state court for review in a procedurally correct manner. *See Satterwhite v. Lynaugh,* 886 F.2d 90, 92-93 (5th Cir. 1989). In Texas, a prisoner must present his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or an application for state post-conviction relief. *See Bautista v. McCotter,* 793 F.2d 109, 110 (5th Cir. 1986). A federal habeas petition that contains unexhausted claims should be dismissed in its entirety. *See Thomas v. Collins,* 919 F.2d 333, 334 (5th Cir. 1990); *see also Rose v. Lundy,* 455 U.S. 509, 522 (1982) (a "mixed" petition containing both exhausted and unexhausted claims should be dismissed); *Sones v. Hargett,* 61 F.3d 410, 415 (5th Cir. 1995) (same).

## Analysis

Petitioner has not presented his grounds for relief to the Texas Court of Criminal Appeals. *See* Dkt. No. 8 at Question Nos. 1-4. Because he has not afforded the

Texas Court of Criminal Appeals an opportunity to consider his claims "on the merits," Petitioner has failed to exhaust state remedies. *See, e.g.*, *McGee v. Estelle,* 704 F.2d 764, 768-69 (5th Cir. 1983).

Accordingly, Petitioner's Section 2254 petition should be dismissed without prejudice. Petitioner was convicted on January 3, 2014. Therefore he has ample time remaining on the one-year limitation period to seek relief in state court and, thereafter, re-file his federal petition if necessary.

## Recommendation

Petitioner's 28 U.S.C. § 2254 petition should be dismissed without prejudice for failure to exhaust state remedies.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the

factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 19, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE